1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY L. ASHFORD,

11              Plaintiff,                No. CIV S-09-3464 DAD P

12        vs.

13   COUNTY OF SOLANO, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a Solano County Jail inmate proceeding pro se.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983.  In accordance with the court's February 3, 2010 order, plaintiff

18   has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding

19   was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28

20   U.S.C. § 636(b)(1).

21        Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $6.50 will be assessed by this

26   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

1

1  agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

2  Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty

3  percent of the preceding month's income credited to plaintiff's trust account.  These payments

4  will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

5  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

6  § 1915(b)(2).

7                                    **SCREENING REQUIREMENT**

8              The court is required to screen complaints brought by prisoners seeking relief

9  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

10  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

11  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13  U.S.C. § 1915A(b)(1) & (2).

14              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

16  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989); Franklin, 745 F.2d at 1227.

21              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

26  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

                                                      2

factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

<u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

(9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

Cir. 1982).

/////

/////

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified Officer Castillo, Officer Johnson, Sergeant Angler, the County of Solano, the City of Fairfield, and John Doe as the defendants in this action. Plaintiff appears to allege that, on May 28, 2008, defendant Castillo and the nurses were playing a "little game" and refused to give him his inhaler. According to plaintiff, the "game" went too far because he actually needed his inhaler. Plaintiff alleges that defendant Castillo, fearing that something may happen as a result of the "game," stopped at plaintiff's cell and tasered him. Plaintiff also alleges that defendant Castillo then placed plaintiff in handcuffs and made him shower in the restraints. In terms of relief, plaintiff requests a full investigation into the alleged incident and monetary damages. (Compl. at 3.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff elects to pursue this action by filing an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In his original complaint, plaintiff names "John Doe" as a defendant. "As a general rule, the use of 'John Doe' to identify a defendant is not favored."

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff is advised that the court cannot

order service of a complaint on any defendant not actually named in his amended complaint.

In addition, in any amended complaint, plaintiff must allege facts demonstrating

how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must also allege in

specific terms how each named defendant was involved in the deprivation of his rights.  In his

original complaint, plaintiff has identified Officer Castillo, Officer Johnson, Sergeant Angler, the

County of Solano, the City of Fairfield, and John Doe as the defendants in this action.  However,

plaintiff has not alleged any wrongdoing by any of the defendants except Officer Castillo.

Plaintiff is advised that there can be no liability under 42 U.S.C. § 1983 unless there is some

affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, plaintiff is advised that the County of Solano and the City of Fairfield

do not appear to be proper defendants in this action.  These entities cannot be held liable for an

injury inflicted solely by an employee under a theory of respondeat superior.  See Polk County v.

Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691

(1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied,

537 U.S. 1106 (2003) (describing the two routes to municipal liability, where municipality's

official policy, regulation or decision violated plaintiff's rights, or alternatively where

municipality failed to act under circumstances showing its deliberate indifference to plaintiff's

rights).

Finally, if plaintiff elects to pursue this action by filing an amended complaint, he

is advised that he should clarify what constitutional right he believes each defendant has violated

and support each claim with factual allegations about each defendant's actions.  To the extent

that plaintiff wishes to raise an Eighth Amendment claim, he is advised that the "unnecessary and

5

wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). <u>See also</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." <u>Whitley</u>, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (citing <u>Whitley</u>, 475 U.S. at 320). In an amended complaint, plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively defendants had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $6.50. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

1    4.  Plaintiff is granted thirty days from the date of service of this order to file an

2 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

5 amended complaint in accordance with this order will result in a recommendation that this action

6 be dismissed without prejudice.

7    5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

8 civil rights action.

9 DATED: March 5, 2010.

10

11            _____

12 DAD:9            DALE A. DROZD
  ashf3464.14         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26